UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

|  |  |
|---|---|
| IKADAN SYSTEM USA, INC. and WEIHAI GAOSAI METAL PRODUCT CO., LTD., <br><br>Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | **Court No. 21-00592** |

## <u>CONSENT MOTION FOR A PRELIMINARY INJUNCTION</u>

Pursuant to Rules 7, 56.2(a), and 65(a) of the United States Court of International Trade ("USCIT"), plaintiffs Ikadan System USA, Inc. ("Ikadan") and Weihai Gaosai Metal Product Co., Ltd. ("Gaosai") (collectively "Plaintiffs"), by and through its attorneys, respectfully move for a preliminary injunction restraining the United States ("Defendant"), together with its delegates, officers, agents, and servants, including employees of the United States Customs and Border Protection ("CBP"), from issuing instructions to liquidate or from causing or permitting liquidation of any and all unliquidated entries of pig farrowing crates, farrowing flooring systems, steel grating, or tribar flooring, from the People's Republic of China, that:

- were subject to CBP's Enforce and Protect Act investigation in consolidated case number 7474 and subsequent *de novo* administrative review. *See Admin. Review Determination in EAPA Consolidated Case No. 7474*, CBP Office of Trade Regulations & Rulings (Oct. 26, 2021) ("*Oct. 26, 2021 Decision*"); *Notice of Determination as to Evasion*, EAPA Cons. Case Number 7474 (June 21, 2021), *available at* https://www.cbp.gov/sites/default/files/assets/documents/2021-Jun/06-21-2021%20-%20TRLED%20-%20Notice%20of%20Determination%20as%20to%20Evasion%20%28508%20compliant%29%20-%20%287474%29%20-%20PV_0.pdf

- were imported by Ikadan or Gaosai;

- were entered, or withdrawn from warehouse, for consumption on or after May 26, 2019, up to and including the date a final and conclusive court decision, including all appeals and remand proceedings, is issued in this litigation; and

- remain unliquidated as of 5:00 p.m. on the day the Court enters the order enjoining liquidation on the docket of this action.

This Court has the authority to issue the requested preliminary injunction under 28 U.S.C. § 1585. Plaintiffs' motion is timely, per USCIT Rule 56.2(a), because it is being filed within 30 days of service of the complaint. Plaintiffs' motion also satisfies the Court's consent requirements, *see* USCIT Rule 7(b), (f); as outlined in greater detail in Section II of this motion, Defendant consents to the exact terms of Plaintiffs' proposed order enjoining liquidation, pursuant to the framework explained in *Qingdao Taifa Group Co. v. United States*, 581 F.3d 1375, 1378-82 (Fed. Cir. 2009).

For the reasons provided below, the Court should enjoin liquidation of Ikadan's and Gaosai's entries because: (1) Plaintiffs will suffer irreparable and immediate injury without an injunction; (2) Plaintiffs will likely prevail on the merits; (3) the public interest will be best served by granting the injunction; and (4) the balance of hardships favor Plaintiffs. *See Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed. Cir. 1987) (citing *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 1983)). Plaintiffs request that this injunction remain in effect pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.

## PROCEDURAL BACKGROUND

This action is an appeal from CBP's final affirmative determination of evasion of the antidumping ("AD") and countervailing duty ("CVD") orders, A-570-947 and C-570-948, respectively, covering steel grating from the People's Republic of China ("China") (collectively, the "Orders"), and conducted pursuant to section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA"). *See generally Oct. 26,*

*2021 Decision*; *Certain Steel Grating from the People's Republic of China*, 75 Fed. Reg. 43,143 (July 23, 2010) (AD order); *Certain Steel Grating from the People's Republic of China*, 75 Fed. Reg. 43,144 (July 23, 2010) (CVD order); 19 U.S.C. § 1517.  The underlying CBP investigation is identified by "EAPA Consol. Case No. 7474."

Ikadan and Gaosai, as importers of merchandise subject to CBP's evasion investigation and interested parties within the meaning of 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 261(k)(1), have standing to bring this action.  On November 23, 2021, Plaintiffs timely filed their Summons and Complaint challenging CBP's *Oct. 26, 2021 Decision*.  *See* Summons, Nov. 23, 2021, ECF No. 1; Compl., Nov. 23, 2021, ECF No. 2; *see also* 19 U.S.C. § 1517(g) (providing parties 30 business days to seek judicial review).

## DISCUSSION

### I.    LEGAL STANDARD.

This Court will grant a motion for a preliminary injunction upon a showing that: (1) without the requested relief, the movant will be irreparably and immediately injured; (2) the movant is likely to succeed on the merits; (3) granting the movant's requested injunction will be in the public interest; and (4) the balance of hardships favors the movant.  *See U.S. Ass'n of Imps. of Textiles & Apparel v. United States*, 413 F.3d 1344, 1346 (Fed. Cir. 2005); *Zenith*, 701 F.2d at 809.  Plaintiffs satisfy each prong of the preliminary injunction inquiry.

### A.    PLAINTIFFS WILL BE IRREPARABLY AND IMMEDIATELY INJURED IF AN INJUNCTION IS NOT GRANTED.

Without a preliminary injunction, some or all of Plaintiffs' entries may be liquidated at incorrect AD/CVD rates, thereby mooting the present action and depriving Plaintiffs of their right to meaningful judicial review.

The U.S. Court of Appeals for the Federal Circuit has held that eliminating the only

ACTIVE.134863898.02

remedy available to contest an agency action constitutes irreparable and immediate harm for purposes of a preliminary injunction. *See Zenith*, 710 F.2d at 810; *Qingdao*, 581 F.3d at 1378. As this Court explained, the act of liquidation constitutes irreparable and immediate harm to the importer, *see, e.g.*, *Carpenter Tech. Corp. v. United States*, 31 CIT 1, 469 F. Supp. 2d 1313, 1320 (2007), because the very act "extinguishes the underlying res and the accompanying cause of action [and] strip[s] [this] Court of the ability to provide a remedy to an importer." *Laclede Steel Co. v. United States*, 20 CIT 712, 717, 928 F. Supp. 1182, 1188 (1996). In fact, this Court consistently grants motions for preliminary injunctions in proceedings like or similar to the one at bar. *See, e.g.*, *Royal Brush Mfg., Inc. v. United States*, Ct. No. 19-00198, Nov. 27, 2019, ECF No. 13 (USCIT filed Nov. 6, 2019); *Endura Prods., Inc. v. United States*, Ct. No. 19-00190, Oct. 17, 2019, ECF No. 10 (USCIT filed Oct. 7, 2019). Without the Court's intervention, this action may be disposed of simply by the act of liquidation. As a result, Plaintiffs would be deprived of their statutory right to judicial review and any available judicial remedies would be nullified. Plaintiffs have, therefore, satisfied the requirements of the irreparable harm prong.

### B.     PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS.

Plaintiffs are likely to succeed on the merits of their case-in-chief. This Court has recognized that a showing of irreparable harm lowers the movant's burden in demonstrating its success on the merits and considers the burden met if the movant raises "questions which are 'serious, substantial, difficult and doubtful.'" *Timken Co. v. United States*, 6 CIT 76, 569 F. Supp. 65, 70-71 (1983).

Plaintiffs' Complaint raises substantial, difficult, and serious questions of law with respect to: (1) CBP's expansion of the universe of merchandise to which it claims a right to assess AD and CVD duties; (2) the analysis underlying CBP's conclusion that Ikadan's and Gaosai's pig farrowing crates and farrowing flooring systems are within the scope of the Orders;

(3) CBP's conclusion that Ikadan and Gaosai "evaded" the Orders, without any evidence of culpability by Ikadan or Gaosai; and (4) CBP's assessment of AD/CVD duties on Ikadan and Gaosai retroactively, to a period of time before which these importers were on notice that their farrowing crates and farrowing floor systems are allegedly within the scope of the Orders. Plaintiffs' USCIT R. 56.2 briefing will address and further support each of the grounds raised in the Complaint.  Plaintiffs have, therefore, satisfied the requirements of the success on the merits prong.

###   C.   GRANTING PLAINTIFFS' REQUESTED INJUNCTION WILL BE IN THE PUBLIC INTEREST.

Case law firmly establishes that ensuring accurate assessment of AD/CVD duties and effective enforcement of trade laws is in the public interest.  *See*, *e.g.*, *PPG Indus., Inc. v. United States*, 11 CIT 5, 10 (1987); *Smith-Corona Grp. Consumer Prods. Div. v. United States*, 1 CIT 89, 98, 507 F. Supp. 1015, 1023 (1980), *aff'd*, 713 F.2d 1568 (Fed. Cir. 1983).  This Court also recognizes that granting preliminary injunctions serves the annunciated public interest by "maintain[ing] the status quo of the unliquidated entries until a final resolution [on] the merits [is issued]."  *SKF U.S.A. Inc. v. United States*, 28 CIT 170, 176, 316 F. Supp. 2d 1322, 1329 (2004). Accurate assessment of AD/CVD duties and fair enforcement of existing AD/CVD laws is indeed a primary tenet of the EAPA law.  *See* 19 U.S.C. § 1517.  Here, the public interest is best served by granting the preliminary injunction to ensure that antidumping duties assessed on Ikadan's and Gaosai's entries are accurate.  Plaintiffs have, therefore, satisfied the requirements of the public interest prong.

###   D.   THE BALANCE OF HARDSHIPS FAVORS THE PLAINTIFFS.

The balance of hardships in the present action favors granting Plaintiffs' motion for a preliminary injunction.  The hardship inquiry requires the Court to determine which party will be

ACTIVE.134863898.02

most adversely affected by its decision to grant or deny a preliminary injunction motion. *See Ugine-Savoie Imphy v. United States*, 24 CIT 1246, 1250, 121 F. Supp. 2d 684, 688-89 (2000); *Kwo Lee, Inc. v. United States*, 38 CIT ___, ___, 24 F. Supp. 3d 1322, 1331-32 (2014); *Canadian Wheat Bd. v. United States*, 31 CIT 650, 663, 491 F. Supp. 2d 1234, 1247 (2007). Without the issuance of a preliminary injunction, Plaintiffs will be deprived of their right to meaningful judicial review and this Court will be stripped of its jurisdiction over the present action. By contrast, a delay in liquidation will, at most, constitute an "inconvenience" to Defendant, *see Timken*, 6 CIT at 81, 569 F. Supp. At 70-71, as the Government has already collected some cash deposits from Ikadan and Gaosai. Therefore, because Plaintiffs will be irreparably and immediately harmed should the Court deny its motion, the balance of hardships clearly tips in Plaintiffs' favor. Plaintiffs have, therefore, satisfied the balance of the hardships prong.

## II.    CONSENT OF THE GOVERNMENT.

Plaintiffs' counsel complied with the Court's USCIT Rule 7(b) and (f) consent requirement. On December 1, 2021, Plaintiffs' counsel contacted via e-mail counsel for Defendant, Ashley Akers, Esq. of the U.S. Department of Justice (Civil Division, Commercial Litigation Branch) regarding consent for this motion. On December 6, 2021, Ms. Akers indicated via e-mail that Defendant consents only to the exact terms of the proposed order, pursuant to the framework established in *Qingdao*, 581 F. 3d at 1378-82. Therefore, without conceding any likelihood of Plaintiffs' success on the merits and notwithstanding the USCIT Rule 65(a) factors for issuance of ordinary injunctions, Defendant consents to Plaintiffs' injunction. Lastly, Defendant consented to Plaintiffs' request that the preliminary injunction extend pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings.

ACTIVE.134863898.02

## III.     REQUEST FOR RELIEF.

For the reasons provided above, Plaintiffs respectfully request the Court grant their

consent motion for a preliminary injunction enjoining liquidation of the relevant entries pending

a final and conclusive court decision in this litigation, including all appeals and remand

proceedings.


Respectfully submitted,


/s/ Richard P. Ferrin
Douglas J. Heffner
Wm. Randolph Rucker
Richard P. Ferrin
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005
Telephone: (202) 230-5803
*Counsel to Ikadan System USA, Inc. and*
*Weihai Gaosai Metal Product Co., Ltd.*


December 6, 2021

ACTIVE.134863898.02

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

| |
|---|
| IKADAN SYSTEM USA, INC. and WEIHAI GAOSAI METAL PRODUCT CO., LTD., |
| Plaintiffs, |
| v. |
| UNITED STATES, |
| Defendant. |

**Court No. 21-00592**

**<u>ORDER</u>**

Upon consideration of the Consent Motion for a Preliminary Injunction, filed by Ikadan System USA, Inc. ("Ikadan") and Weihai Gaosai Metal Product Co., Ltd. ("Gaosai") (collectively "Plaintiffs"), to enjoin liquidation of certain entries, it is

**ORDERED** that Plaintiffs' Consent Motion for a Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the United States, together with its delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection ("CBP"), shall be, and are hereby **ENJOINED**, pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings, from causing or permitting liquidation of any and all unliquidated entries of pig farrowing crates, farrowing flooring systems, steel grating, or tribar flooring, from the People's Republic of China, that were:

- subject to CBP's Enforce and Protect Act investigation in consolidated case number 7474 and subsequent *de novo* administrative review. *See Admin. Review Determination in EAPA Consolidated Case No. 7474*, CBP Office of Trade Regulations & Rulings (Oct. 26, 2021) ("*Oct. 26, 2021 Decision*"); *Notice of Determination as to Evasion*, EAPA Cons. Case Number 7474 (June 21, 2021), *available at* https://www.cbp.gov/sites/default/files/assets/documents/2021-Jun/06-21-2021%20-%20TRLED%20-%20Notice%20of%20Determination%20as%20to%20Evasion%20%28508%20compliant%29%20-%20%287474%29%20-%20PV_0.pdf

Court No. 21-00592

- imported by Ikadan or Gaosai;

- entered, or withdrawn from a warehouse, for consumption on or after May 26, 2019, up to and including the date a final and conclusive court decision, including all appeals and remand proceedings, is issued in this litigation; and

- remain unliquidated as of 5:00 p.m. on the day the Court enters the order enjoining liquidation on the docket of this action; and it is further

**ORDERED** that this injunction shall dissolve upon entry of a final court decision in this litigation, including all appeals and remand proceedings, and that the entries covered by this injunction shall be liquidated in accordance with that final decision.

_____
Hon. Leo M. Gordon, Senior Judge

Dated: _____, 2021
     New York, New York

2