UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| IKADAN SYSTEM USA, INC., *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>  and<br><br>HOG SLAT, INC.,<br><br>    Defendant-Intervenor. | Court No. 21-00592 |

**DEFENDANT'S MOTION FOR VOLUNTARY REMAND
AND TO STAY FILING OF RULE 56.2 BRIEF**

  Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court remand the U.S. Customs and Border Protection (CBP) Administrative Review Decision, issued under 19 U.S.C. § 1517(f), regarding certain shipments of steel grating from the People's Republic of China (PRC), specifically galvanized steel Tri-Bar Floor product (tribar floors).  *See* Confidential Notice of Determination as to Evasion in EAPA Case No. 7474 (C.R.123) (June 21, 2021); *see also* Administrative Review of Determination of Evasion, "Enforce and Protect Act ("EAPA") Case Number 7474; (P.R. 80) (Oct. 26, 2021).  We respectfully request a voluntary remand for CBP to place on the record and consider the determination made by the Department of Commerce (Commerce) that certain products imported by plaintiffs are subject to the AD/CVD orders.  *See*

1

*Certain Steel Grating from the People's Republic of China: Scope Ruling on Pig Farrowing Crates and Farrowing Floor Systems (Dep't of Commerce May 11, 2021); See also Certain Steel Grating from the People's Republic of China Antidumping Duty Order*, 75 Fed. Reg. 43,143 (Dep't of Commerce July 23, 2010) (A-570-947) (AD Order) and *Certain Steel Grating from the People 's Republic of China: Countervailing Duty Order*, 75 Fed. Reg. 43,144 (Dep 't of Commerce July 23, 2010) (C-570-948) (CVD Order).  Because this issue is central to each claim in plaintiffs' complaint and motion for judgment upon the administrative record, the voluntary remand has the potential to affect each issue challenged; consequently, defendant requests that filing its Rule 56.2 brief, and all other deadlines, be stayed pending resolution of the voluntary remand.  Counsel for plaintiffs and defendant-intervenor have indicated that they consent to this motion.

## BACKGROUND

Plaintiffs Ikadan System USA, Inc. (Ikadan) and Weihai Gaosai Metal Product Co., Ltd. (Gaosai) (together, plaintiffs) challenge CBP's determination that certain shipments containing steel grating from the PRC, specifically tribar floors, were entered into the United States by means of evasion.  *See* Confidential Notice of Determination as to Evasion in EAPA Case No. 7474 (C.R.123).

During proceedings before it, CBP determined that certain entries of farrowing crates and farrowing crate parts made by plaintiffs contained tribar flooring that is subject merchandise covered by the AD and CVD orders.  *See* 19 U.S.C. § 1517(b)(4).  Because the AD and CVD orders clearly applied to plaintiffs' entries of farrowing crates or farrowing crate parts containing steel tribar, CBP did not pause proceedings to seek a covered merchandise determination from Commerce pursuant to 19 U.S.C. § 1517(b)(4).  C.R. 123 at

2

8 n 58. Plaintiffs nevertheless sought a scope ruling from Commerce, with that agency ultimately agreeing with CBP's finding that plaintiffs' products are subject merchandise. P.D. 24, 25. However, CBP did not explicitly analyze or discuss that scope ruling in its evasion determination because – in addition to CBP's authority to determine that a product is within scope based on the physical characteristics of the product and the language of the scope without seeking a ruling from Commerce – the scope ruling was issued "after the record closed in this investigation because regulatory timeframes for considering new factual information did not allow for the regulated amount of time for comments nor would it have allowed CBP to issue its determination as to evasion in accordance with statutory deadlines." C.R. 123 at 8 n 60.[1]

CBP issued its evasion determination on June 21, 2021. C.R. 123. Plaintiffs requested *de novo* consideration of the determination, and CBP conducted an administrative review and affirmed the determination of evasion on October 26, 2021. P. R. 80.

This lawsuit followed.

## ARGUMENT

Defendant respectfully requests a voluntary remand for CBP, without confessing error, to place on the record and consider the scope ruling issued by Commerce. While CBP does not concede that its determination that plaintiffs imported subject merchandise or its decision not to make a covered merchandise referral to Commerce is flawed, it nevertheless recognizes Commerce's expertise in analyzing the scope of AD/CVD orders. CBP thus requests the opportunity to consider Commerce's scope ruling on the record in order to clarify and – if

---

[1] The scope ruling is a publicly-available document, and counsel for defendant-intervenor submitted it to CBP, but CBP did not place the scope ruling on the record of investigation as it was sent after the deadline for the voluntary submission of information.

appropriate – correct its evasion determination in light of that ruling.

In *SKF USA*, the United States Court of Appeals for the Federal Circuit held that an agency may ask the Court to remand a matter, without confessing error, so that an agency may consider its prior position. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). The Federal Circuit identified multiple scenarios in which an agency may seek a remand which include: (a) to reconsider its decision because of intervening events outside of the agency's control; (b) in the absence of intervening event, without confessing error, to reconsider its previous position; and (c) to change the result because an agency believes that its original decision was incorrect on the merits. *Id.* at 1028.

Although the Court possesses discretion whether to grant a remand in such circumstances—for example, "[a] remand may be refused if the agency's request is frivolous or in bad faith"—"if the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id*. at 1029. Notably, the holding of *SKF USA* was that the Court had abused its discretion in denying the Government's motion for voluntary remand. *See id*. at 1030. In short, in *SFK USA*, the Federal Circuit established the standard for the Court to decide motions for voluntary remand in an action such as this one. This standard affirms that an agency's power to make an administrative determination contains within it the power to reconsider that decision, as appropriate. *See United States v. Sioux Tribe*, 616 F.2d 485, 493 (Ct. Cl. 1980) ("It is a well-established principle that an administrative agency may reconsider its own decisions. 'The power to reconsider is inherent in the power to decide.'" (citation omitted)).

A voluntary remand to an agency is generally appropriate if the agency's concern is substantial and legitimate. *Id. at* 1029; *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *SeAH Steel Corp. v. United*

4

*States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010); *Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1338 (Ct. Int'l Trade 2005) (granting a request for voluntary remand, recognizing the "presumption of governmental good faith" absent "'well-nigh irrefragable proof' of bad faith."). "{C}oncerns are considered substantial and legitimate when (1) [an agency] supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Industries (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1339 (Ct. Int'l Trade 2013). Likewise, clarifying and correcting a potentially inaccurate determination is a compelling justification for voluntary remand. *Id.* Moreover, when the agency seeks remand to correct a mistake or address some other substantial and legitimate concern, it is appropriate for a court to defer to the agency whose expertise consists of administering the statute. *Gleason Indus. Prods., Inc. v. United States*, 31 C.I.T. 393, 396 (2007); *see also Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) ("We commonly grant such motions {for voluntary remand}, preferring to allow agencies to cure their own mistakes rather than wasting the court's and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.")

      The Court should exercise its discretion to grant our request because our reasons for seeking remand are "substantial and legitimate." As this Court has held, a remand is appropriate where an agency "(1) [] supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber*, 925 F. Supp. 2d at 1339. Each factor is satisfied here. First, the Government has a compelling justification for its request because CBP wishes to consider Commerce's scope ruling on the record in order to clarify and – if appropriate – correct its

5

evasion determination. Next, the need for finality does not outweigh the justification, as indicated by the fact that plaintiffs consent to our motion. Moreover, a remand to CBP to further evaluate its administrative review decision may provide the relief plaintiffs request in their pending motion for judgement upon the administrative record. ECF No. 44. Granting our motion is thus appropriate because a remand may allow CBP to "cure the very legal defects asserted by plaintiffs challenging federal action." *Citizens Against the Pellissippi Parkway v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding the district court abused its discretion by not granting motion for voluntary remand for agency to address error alleged by plaintiff).

Finally, the scope of the request is appropriate because, as explained above, Commerce has a recognized expertise in analyzing the scope of AD/CVD orders. Permitting CBP to consider Commerce's scope ruling on the record and clarify or correct its administrative review decision will ensure that the Court is presented with a thorough analysis of relevant law and record evidence. There is thus a substantial and legitimate justification for this Court to grant a voluntary remand.

Further, our request for a voluntary remand in its entirety is appropriate because of the potential impact of the remanded issue on the claims pending before this Court, all of which hinge on CBP's conclusion that plaintiffs' imported products are subject to the AD and CVD orders. By requesting a voluntary remand in its entirety, we do not waive any defenses regarding the evasion determination at issue nor any arguments related to the merits of the issues before the Court. *See Tianjin Wanhua Co., Ltd. v. United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017). By requesting a remand in its entirety, we preserve our ability to defend CBP's evasion determination on the merits. Should the Court grant the request and

determine a remand is warranted, the appropriate action is for the Court to remand to CBP for further proceedings without directing a particular outcome.  *See, e.g., Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003); *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1275 (Fed. Cir. 2012).

Moreover, because a voluntary remand, if granted, may preclude the need for further briefing on plaintiffs' motion for judgment upon the agency record, we respectfully request that the Court stay any such briefing, including briefing by defendant-intervenor, pending the resolution of CBP's remand proceedings,.  Should the Court grant our request, we respectfully propose that the Court provide 45 days for CBP to submit its remand redetermination to the Court and allow for comments on the remand redetermination in accordance with Rule 56.2(h) of the Rules of the Court.

## **CONCLUSION**

For these reasons, we respectfully request that the Court grant CBP's request for this voluntary remand, and remand this matter to CBP for further administrative proceedings.  Should the Court grant our request, we respectfully request that the Court provide 45 days for CBP to submit its remand redetermination to the Court to afford CBP sufficient time to complete the remand redetermination.  We also request that further briefing under Rule 56.2(a) be stayed pending issuance of the remand determination.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    /s/ Patricia M. McCarthy
    PATRICIA M. MCCARTHY
    Director

OF COUNSEL:

SHAE WEATHERSBEE
Attorney
U.S. Customs and Border Protection
Office of the Chief Counsel

/s/ Kelly A. Krystyniak
KELLY A. KRYSTYNIAK
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel: (202) 307-1063
Email: kelly.a.krystyniak@usdoj.gov

August 17, 2022

*Attorneys for Defendant United States*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 2,211 words. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Kelly A. Krystyniak

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| IKADAN SYSTEM USA, INC., *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br>  Defendant, <br><br> and <br><br> HOG SLAT, INC., <br><br>  Defendant-Intervenor. | Court No. 21-00592 |

**<u>ORDER</u>**

Upon consideration of plaintiffs' motion for judgment on the agency record, defendant's motion for a voluntary remand, the administrative record, and all other pertinent papers, it is hereby

ORDERED that defendant's motion for voluntary remand is GRANTED; and it is further

ORDERED that the U.S. Customs and Border Protection (CBP) shall submit a remand redetermination within 45 days of this Order; and it is further

ORDERED that briefing on plaintiffs' motion for judgment on the agency record is STAYED pending CBP's remand redetermination.

Dated: _____              _____
New York, New York                                                         Judge