

October 3, 2022

PUBLIC DOCUMENT

OT:RR:BSTC:PEN H326963
         x-Ref H319936 BEK

Richard P. Ferrin, Esq.
Randy Rucker, Esq.
Douglas J. Heffner, Esq.
Faegre Drinker Biddle & Reath LLP
Counsel for Ikadan System USA, Inc. and
Weihai Gaosai Metal Product Co., Ltd.
1500 K Street, NW
Suite 1100
Washington, DC 20005-1209

Zachary Simmons, Esq.
Gregory McCue, Esq.
Steptoe & Johnson LLP
Counsel for Hog Slat, Inc.
1330 Connecticut Avenue, NW
Washington, D.C. 20036-1795

Re:    Remand Redetermination for Enforce and Protect Act ("EAPA") Consolidated Case Number 7474; *Certain Steel Grating from the People's Republic of China: Antidumping Duty Order*, 75 FR 43143 (July 23, 2010) and *Certain Steel Grating from the People's Republic of China: Countervailing Duty Order*, 75 FR 43144 (July 23, 2010); Ikadan System USA, Inc. and Weihai Gaosai Metal Product Co., Ltd.; 19 U.S.C. § 1517

Dear Messrs. Ferrin, Rucker, Heffner, Simmons, and McCue:

This is the remand redetermination made pursuant to the remand order dated August 18, 2022, in *Ikadan System USA, Inc., et al. v. United States, et al.*[1] This remand redetermination regards the determination of evasion dated June 21, 2021, made by the Trade Remedy & Law Enforcement Directorate ("TRLED"), Office of Trade ("OT"), U.S. Customs and Border Protection ("CBP"), pursuant to 19 U.S.C. § 1517(c), in Enforce and Protect Act ("EAPA") Consolidated Case Number 7474 (hereinafter referred to as the "June 21

---

[1] *See* Order, *Ikadan System USA, Inc., et al. v. United States, et al.*, No. 21-00592, (Ct. Int'l Trade Aug. 18, 2022), ECF No. 51 ("Remand Order").

Determination"). In the June 21 Determination, TRLED found substantial evidence that Ikadan System USA, Inc. ("Ikadan") and Weihai Gaosai Metal Product Co., Ltd. ("Gaosai") (collectively "Importers") entered certain steel grating from China in the form of tribar floors that were covered by antidumping duty (AD) order A-570-947 and countervailing duty (CVD) order C-570-948 (collectively "the Orders" or "the AD/CVD Orders") into the customs territory of the United States through evasion.[2] The Importers requested an administrative review[3] of the June 21 Determination, which was conducted by OT's Regulations and Rulings ("R&R"). R&R affirmed the determination of evasion in its Final Administrative Determination ("FAD") dated October 26, 2021("R&R October 26 FAD").[4] CBP requested a voluntary remand to allow CBP to consider and analyze the determination made by the U.S. Department of Commerce ("Commerce"), via its Scope Ruling, that certain products imported by the Importers are subject to the Orders.[5]

Although the Scope Ruling was issued by Commerce during the pendency of the EAPA investigation, the record in the EAPA investigation had closed prior to issuance of the Scope Ruling.[6] As such, the Scope Ruling was not added to the record by TRLED. In its June 21 Determination, TRLED reached a finding of evasion, since CBP determined that the subject merchandise was covered by the relevant AD/CVD Orders on their face.[7] Thus, R&R did not consider the Scope Ruling during the original *de novo* administrative review (H319936) and did not rely on it in its October 26 FAD. However, upon reconsideration and in the interest of completeness of the record, R&R is considering the Scope Ruling on remand.

On August 22, 2022, R&R requested that the parties provide a copy of the Scope Ruling to add to the administrative record.[8] R&R received the Scope Ruling from the parties later that day, and it was added to the administrative record in EAPA Consolidated Case Number 7474 for R&R's consideration on remand.[9]

R&R reviewed the Scope Ruling as well as the rest of the information on the original administrative record and created a draft remand redetermination that added Commerce's Scope Ruling to the administrative record and considered its impact upon the final administrative review. The parties were then afforded an opportunity to provide written

---

[2] *See* Notice of Determination as to Evasion in EAPA Consolidated Case Number 7474, dated June 21, 2021 ("June 21 Determination") at 1-2; *See also Certain Steel Grating from the People's Republic of China Antidumping Duty Order*, 75 Fed. Reg. 43,143 (Dep't of Commerce July 23, 2010) (A-570-947) and *Certain Steel Grating from the People's Republic of China: Countervailing Duty Order*, 75 Fed. Reg. 43,144 (Dep't of Commerce July 23, 2010) (C-570-948).
[3] *See* Ikadan's Administrative Review Request, dated August 3, 2021. *See also* Gaosai's Administrative Review Request, dated August 3, 2021.
[4] *See* H319936, R&R October 26 FAD.
[5] *See Certain Steel Grating from the People's Republic of China: Scope Ruling on Pig Farrowing Crates and Farrowing Floor Systems* (Dep't of Commerce May 11, 2021) ("Scope Ruling"); *See also* the Orders, *supra* note 2.
[6] *See* June 21 Determination", *supra* note 2, at Footnote 60 (indicating that "CBP did not place [the Scope Ruling] on the administrative record of this investigation because regulatory timeframes for considering new factual information did not allow for the regulated amount of time for comments nor would it have allowed CBP to issue its determination as to evasion in accordance with statutory deadlines.").
[7] *Id.* at 8.
[8] *See* Email dated August 22, 2022, from R&R to the parties requesting Commerce's Scope Ruling.
[9] *See* Email dated August 22, 2022, from Hog Slat's counsel attaching the Scope Ruling. As Hog Slat provided the document first, R&R did not require the Importers to provide same. *See* Email dated August 23, 2022, from R&R to the parties confirming duplicate submission of the Scope Ruling was not necessary.

comments on that draft remand redetermination.[10] R&R has reviewed and considered those comments.[11]

The R&R October 26 FAD is incorporated by reference as if fully set forth herein.

The relevant imported products, namely, farrowing crates and flooring systems, are comprised of multiple different components, with tribar floors (sometimes called tribar truss flooring) being the specific component at issue. In the Scope Ruling, Commerce considered three different products: "(1) a farrowing floor system that is partly made of a galvanized steel tribar truss floor and partly made of a ductile cast-iron floor; (2) a pig farrowing crate with the farrowing floor system described in item (1); and (3) a pig farrowing crate without flooring."[12] Commerce considered each product individually and ultimately determined that the tribar truss floors remain subject to the AD/CVD Orders on Certain Steel Grating of Chinese-origin ("CSG"), despite their inclusion with other farrowing crate and/or flooring system components. Commerce did not consider the additional components of the tribar truss floors (*i.e.,* the trusses) to transform them into a new product, as the "essential characteristics" of the CSG were "largely unchanged."[13] Commerce found that the other components of the farrowing crates and flooring systems are outside the scope of the AD/CVD Orders on CSG.[14] Commerce's Scope Ruling provides further support to TRLED's June 21 Determination and R&R's October 26 FAD by reinforcing CBP's determination that the tribar flooring component of the farrowing crates and flooring systems is within the scope of the Orders.

The Importers now argue in their comments to the draft remand redetermination that the *de novo* review conducted by R&R should include applying "the same legal framework that reviewing courts (*i.e.,* the U.S. Court of International Trade ("CIT") and the U.S. Court of Appeals for the Federal Circuit ("CAFC")) would use in direct review of a scope determination by Commerce."[15] Specifically, the Importers claim that Commerce erred in including downstream products (*i.e.,* the farrowing flooring systems) as covered merchandise because the plain language of the AD/CVD Orders "does not mention pig farrowing crates, farrowing flooring systems, tribar truss floors, or any downstream products that are further

---

[10] The parties received the draft remand redetermination on Thursday, September 8, 2022, and were provided with a deadline of 5:00 pm EST on Monday, September 19, 2022, to submit their comments. *See* Email dated September 8, 2022, from R&R to the parties attaching the draft remand redetermination.

[11] Hog Slat, Inc. submitted timely comments on September 19, 2022, which agreed with the draft remand redetermination. *See* Hog Slat's Comments on CBP Draft Remand Redetermination for Enforce and Protect Act Consolidated Case Number 7474. After submission of the initial comments on the draft remand redetermination, Hog Slat filed a rebuttal to the Importers' Comments on Draft Remand Redetermination on September 21, 2022, despite R&R informing the parties that there would be no period for rebuttal. *See* Email dated September 20, 2022. The Importers subsequently filed their own rebuttal to Hog Slat's rebuttal later in the day on September 21, 2022. As both of those rebuttal submissions were received after the deadline to receive comments on the draft remand redetermination, R&R did not review either of them in this final remand redetermination; R&R only reviewed and considered the initial comments received by all parties before the deadline for comments on September 19, 2022.

[12] *See* Scope Ruling, page 2.

[13] *See Id.,* page 10.

[14] *See Id.,* page 15.

[15] *See* Ikadan and Weihai Gaosai's Comments on Draft Remand Redetermination, page 7.

manufactured using steel grating as an input."[16] The Importers further argue that the mixed media analysis used by Commerce does not apply in this situation, as farrowing crates and farrowing flooring systems are unique items that meet the CIT-identified criteria to distinguish between a set or unique product as provided in *MacLean Power, LLC v. United States*. Two of the examples the Importers provided as support for this position are that the farrowing flooring systems fall within a different class of merchandise than CSG and are classifiable under a different subheading of the Harmonized Tariff Schedule of the United States ("HTSUS") from the subheading named in the AD/CVD Orders pertaining to CSG.[17]

These arguments presented by the Importers in their comments are nothing more than an attempt to dispute the validity of Commerce's Scope Ruling. Those attempts are misplaced.

It is well established that CBP plays a "ministerial" role in enforcing antidumping and countervailing duty order-related determinations issued by Commerce. CBP's general role is to follow Commerce's instructions in collecting deposits of estimated duties and in assessing antidumping and countervailing duties, together with interest, at the time of liquidation.[18] However, "Customs, incident to its 'ministerial' function of fixing the amount of duties chargeable, must make factual findings to determine 'what the merchandise is, and whether it is described in an order' and must decide whether to apply the order to the merchandise."[19]

In this case, the language of the scope of the subject AD/CVD Orders is broad, and CBP correctly made the determination that the tribar floors were described by the scope of the Orders. The Importers independently filed applications with Commerce for scope determinations as to whether pig farrowing crates and farrowing flooring systems are subject to the AD/CVD Orders.[20] Although we maintain that such input from Commerce was not needed for CBP to factually find that the tribar flooring portions are subject to the AD/CVD Orders, the Scope Ruling confirms these findings and has now been added to the administrative record. Therefore, R&R declines to address these arguments in its final remand redetermination as the proper avenue to dispute Commerce's Scope Ruling is seeking judicial review under 19 U.S.C. § 1516a(a)(2).

The Importers have also re-raised their argument that CBP has applied AD/CVD to the farrowing crates and farrowing flooring systems in an overbroad manner that includes entries in which no tribar floors were imported.[21] This argument does not change the overall determination of evasion. As discussed in the R&R October 26 FAD, the Importers have acknowledged that some of the entries subject to the EAPA investigation contained tribar

---

[16] *See Id.*, pages 9-10 (emphasis omitted).
[17] *See MacLean Power, LLC v. United States*, 359 F. Supp. 3d 1367 (Ct. Int'l Trade 2019).
[18] *See Mitsubishi Electronics America, Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994) ("Customs only applies antidumping rates determined by Commerce. Further, Customs has a merely ministerial role in liquidating antidumping duties…. Customs cannot 'modify . . . [Commerce's] determinations, their underlying facts, or their enforcement'") (citing *Royal Business Machs., Inc. v. United States*, 1 C.I.T. 80, 507 F. Supp. 1007, 1014 n.18 (Ct. Int'l Trade 1980)); *see also Fujitsu Ten Corporation of America v. United States*, 21 C.I.T. 104, 107 (1997); and *American Hi-Fi International, Inc. v. United States*, 19 C.I.T. 1340, 1342-43 (1995).
[19] *See LDA Incorporado v. United States*, 79 F. Supp. 3d 1331, 1339 (Ct. Int'l Trade 2015).
[20] *See* Gaosai's Amended Scope Ruling Request to Commerce, dated February 5, 2021.
[21] *See* Ikadan and Weihai Gaosai's Comments on Draft Remand Redetermination, page 33.

flooring.[22] These acknowledgements are supported by a review of the administrative record.[23] The tribar flooring portions of all entries subject to the EAPA investigation are covered merchandise subject to the AD/CVD Orders, regardless of whether the Importers have acknowledged those entries contained tribar flooring.[24] The extent to which entry line items are subject to this finding is outside the scope of the EAPA investigatory and administrative review processes and will be determined at the time final duties, taxes, and fees are assessed on those entries.

Therefore, upon review of the Scope Ruling, in conjunction with the rest of the administrative record and the parties' comments on the draft remand redetermination, R&R continues to find for the reasons articulated above and in the October 26 FAD that the evidence on the administrative record in this matter supports the determination made by CBP, that the Importers engaged in evasion by entering Chinese-origin CSG declared as type "01" entries, not subject to AD/CVD Orders, in their consumption entries. Such designation as a type "01" at the time of entry was materially false in that it failed to indicate that the CSG was merchandise covered by the relevant AD and CVD Orders. The false designation also led to the non-collection of AD and CVD deposits.

Thus, substantial evidence supports a final determination of evasion as to the Importers and, based upon our review of the additional information included in the record (i.e., the Scope Ruling) and the parties' comments on the draft remand redetermination, as well as the original administrative record in this case, the June 21 Determination of Evasion under 19 U.S.C. § 1517(c) remains AFFIRMED.

Sincerely,

**Paul Pizzeck**  Digitally signed by Paul Pizzeck
Date: 2022.10.03 12:10:50 -04'00'

Paul Pizzeck
Chief, Penalties Branch, Regulations & Rulings
Office of Trade
U.S. Customs and Border Protection

Approved by:

JOANNE R STUMP  Digitally signed by JOANNE R STUMP
Date: 2022.10.03 12:19:39 -04'00'

Joanne R. Stump
Deputy Executive Director, Regulations & Rulings
Office of Trade
U.S. Customs and Border Protection

---

[22] *See* R&R October 26 FAD, page 8.
[23] *See* Gaosai's RFI Response Exhibit WG-15 Entry 1.5 and Ikadan's RFI Response Exhibits 17.2 and 17.5.
[24] *See, e.g.*, Gaosai's RFI Response Exhibit WG-15 Entry 3.5 (Part 1). This exhibit pertains to one overarching proforma invoice that was split into several sub-invoices and imported into the United States over several entries. Some of those sub-invoices include tribar flooring, which were entered as part of some of the entries. Those entries were not named by Gaosai as including tribar floors.